IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUDY CASTANEDA, | § | |
| *Plaintiff,* | § § § | SA-23-CV-00807-JKP |
| vs. | § § | |
| MAXIM HEALTHCARE SERVICES, INC., | § § § | |
| *Defendant.* | § § § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint [#1]. This case was automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motion, Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") based on an inability to afford court fees and costs. Having considered the motion and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, but order Plaintiff to file a more definite statement.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as an administrative fee.[1] *See* 28 U.S.C. § 1914(a). Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff does not have sufficient monthly

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status. *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1

resources available to pay the filing fee. The Court will therefore grant Plaintiff's Motion to Proceed IFP.

Plaintiff is advised, however, that although he has been granted leave to proceed IFP, this Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *See Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994). The Court will therefore order that Plaintiff's Complaint be docketed, but service upon Defendant will be withheld pending this Court's review of the plausibility of Plaintiff's claims under § 1915(e).

## II.  More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's proposed Complaint names one Defendant, Maxim Healthcare Services, Inc., a healthcare staffing provider with offices across the country. (Compl. [#1-1], at 3.) Plaintiff alleges that he was contacted by Defendant between 2018 and 2019 because Plaintiff is bilingual and holds a master's degree in counseling. (*Id.* at 5.) Plaintiff alleges he applied for a number of positions with Defendant, was never hired, and was a victim of age discrimination. (*Id.* at 5–8.) Plaintiff further claims that he attempted to inform Defendant of the discrimination, and Defendant did nothing in response. (*Id.* at 7–8.) It appears Plaintiff is also arguing that following his report of the discrimination, he was not called back for an interview or hired for any other positions, and this constitutes unlawful retaliation. (*Id.* at 8–13.)

---

[2] 28 U.S.C. § 1915(e) does not mandate frivolousness review before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

The gravamen of Plaintiff's Complaint is that he was not hired because of his age. The only two statutes referenced in Plaintiff's Complaint are Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Neither of these statutes prohibit age discrimination. Rather, they address discrimination based on other protected characteristics, such as race. Federal age discrimination claims are governed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA). Because plaintiff is *pro se*, the Court will liberally construe his pleading as asserting a claim under the ADEA.

To plead a claim under the ADEA, Plaintiff must allege factual allegations establishing that (1) he is within the protected class (i.e., over 40 years of age); (2) he was qualified for the position; (3) he was not hired or promoted to the position; and (4) the position remained open or was filled by someone younger. *Lindsey v. Prive Corp.*, 987 F.2d 324, 327 (5th Cir. 1993). Plaintiff also appears to argue that he was retaliated against for bringing up his concerns about discriminatory treatment. To plead a prima facie case of ADEA retaliation, Plaintiff must plead facts regarding the following elements: (1) that he engaged in a protected activity; (2) that there was an adverse employment action; and (3) that a causal link existed between the protected activity and the adverse employment action. *Holtzclaw v. DSC Commc'ns Corp.*, 255 F.3d 254, 259 (5th Cir. 2001). Both age discrimination and retaliation claims must be administratively exhausted before a lawsuit can be filed. *Castro v. Tex. Dep't of Criminal Justice*, 541 Fed. Appx. 374, 379 (5th Cir. 2013). Plaintiff has not provided the Court with any information about whether he has exhausted his administrative remedies. The Court will therefore order Plaintiff to file a more definite statement to address these pleading deficiencies before allowing service of Plaintiff's Complaint on Defendant.

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff.  <u>Service upon Defendant should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that on or before **August 7, 2023**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court.  Plaintiff is reminded to keep his statement **"short and plain,"** detailing only the facts relevant to his claims.  *See* Fed. R. Civ. P. 8(a)(2).  In this More Definite Statement, Plaintiff should include the following information:

- Please provide details demonstrating that you are a member of a protected class by stating your age.

- Please clearly identify the jobs that you applied for.  If you applied for more than three jobs, clearly identify and describe at least three of the jobs that you applied for.  For these positions, you must provide the Court with the details of the jobs—the job title and job requirements.

- Please explain your qualifications and why you believe you were qualified for each of these positions.

- Please provide the Court with any information regarding the job postings after you were not selected, such as how long the posting remained open, whether the position was eventually filled, when the position was filled, by whom it was filled, and the age of the person who filled it.

- Please provide the Court with information about your retaliation claim: to whom did you complain about discrimination and when; what adverse action occurred as a result of your reporting the alleged discrimination; and when did the adverse action occur.

- Please provide the Court with a copy of any administrative complaint (charge of discrimination) filed with the EEOC or TWC and any right-to-sue letter received. If you do not have a copy of these documents, please include factual details regarding when you filed any administrative complaint, the allegations included in the complaint, the outcome of the complaint, and whether and when you received a right to sue letter.

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this _____ day of _____2023.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 17th day of July, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE