IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUDY CASTANEDA, | § § | |
| *Plaintiff,* | § § § | SA-23-CV-00807-JKP |
| vs. | § § | |
| MAXIM HEALTHCARE SERVICES, INC., | § § § § | |
| *Defendant.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is the above-styled cause of action, which was referred to the undersigned for disposition of Plaintiff's motion to proceed *in forma pauperis* and for a review of the pleadings pursuant to 28 U.S.C. § 1915(e). The record reflects that the undersigned granted Plaintiff's motion to proceed *in forma pauperis* on April 26, 2023, but ordered Plaintiff to file a More Definite Statement to assist the Court in assessing the plausibility of Plaintiff's claims. Plaintiff filed the ordered More Definite Statement on August 7, 2023 [#6]. The undersigned has reviewed the pleadings and will now order service of Plaintiff's Complaint on Defendant.

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's

---

[1] 28 U.S.C. § 1915(e) does not mandate frivolousness review before the docketing of a Complaint filed by a non-prisoner Plaintiff proceeding IFP. However, the San Antonio Division

1

proposed Complaint names one Defendant, Maxim Healthcare Services, Inc., a healthcare staffing provider with offices across the country. (Compl. [#1-1], at 3.) Plaintiff alleges that he was contacted by Defendant between 2018 and 2019 because Plaintiff is bilingual and holds a master's degree in counseling. (*Id.* at 5.) Plaintiff alleges he applied for a number of positions with Defendant, was never hired, and was a victim of age discrimination. (*Id.* at 5–8.) Plaintiff further claims that he attempted to inform Defendant of the discrimination, and Defendant did nothing in response. (*Id.* at 7–8.) It appears Plaintiff is also arguing that following his report of the discrimination, he was not called back for an interview or hired for any other positions, and this constitutes unlawful retaliation. (*Id.* at 8–13.)

The gravamen of Plaintiff's Complaint is that he was not hired because of his age. The only two statutes referenced in Plaintiff's Complaint are Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Neither of these statutes prohibit age discrimination. Rather, they address discrimination based on other protected characteristics, such as race. Federal age discrimination claims are governed by the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (ADEA). Plaintiff clarifies in his More Definite Statement, that his claims arise under the ADEA.

To plead a claim under the ADEA, Plaintiff must allege factual allegations establishing that (1) he is within the protected class (i.e., over 40 years of age); (2) he was qualified for the position; (3) he was not hired or promoted to the position; and (4) the position remained open or was filled by someone younger. *Lindsey v. Prive Corp.*, 987 F.2d 324, 327 (5th Cir. 1993). Plaintiff also appears to argue that he was retaliated against for bringing up his concerns about discriminatory treatment.

---

has a standing order requiring all Magistrate Judges to undertake such review in conjunction with disposing of a motion to proceed IFP.

Plaintiff's More Definite Statement alleges that he is a 71-year-old Hispanic male with a master's degree in counseling who is qualified for the various positions for which he applied. Plaintiff identifies specific positions for which he applied and was not hired—Mental Health Tech, Bilingual Clinician, and Psychiatric Tech. Plaintiff also provides the Court with a copy of his administrative complaint filed with the Texas Workforce Commission on March 23, 2023, in which he alleges he applied for the position of Registered Behavior Technician on March 5, 2022, March 9, 2022, June 6, 2022, July 10, 2022, October 21, 2022, November 4, 2022, November 19, 2022, and November 28, 2022; was more than qualified for the position; but never received any calls or interviews. Plaintiff further alleges that prior to these applications he filed a previous Charge of Discrimination with the Equal Employment Opportunity Commission and believes he is a victim of unlawful retaliation.

The only additional facts requested by the undersigned in the order for a more definite statement relate to how long these positions remained open, whether they were eventually filled, and by whom. Plaintiff does not provide this information in his More Definite Statement. The undersigned nonetheless finds Plaintiff has alleged at least one non-frivolous claim in his pleadings and is entitled to service of his Complaint and More Definite Statement on Defendant.

**IT IS THEREFORE ORDERED** that, if not already accomplished, within ten (10) days of the date of this Order, Plaintiff shall submit to the Clerk's Office a fully completed United States Marshals Service Form 285, including fully complete addresses, for each Defendant required to be served and the United States Marshal's Service shall serve each Defendant with a copy of the Complaint and a copy of this order by certified mail, return receipt requested.

**IT IS SO ORDERED.**

SIGNED this 22nd day of August, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE