UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**RUDY CASTANEDA,**

  *Plaintiff*,

v.   Case No. SA-23-CV-00807-JKP

**MAXIM HEALTHCARE SERVICES, INC.,**

  *Defendant*.

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Rudy Castaneda's Motion for Default Judgment and Defendant Maxim Healthcare Services, Inc.'s Motion to Dismiss. *See* ECF Nos. 17, 19. The parties have filed responsive briefings and the motions are ripe for ruling. *See* ECF Nos. 20, 21, 22, 24. After due consideration of the parties' arguments and the applicable law, the Court **DENIES** Castaneda's Motion for Default Judgment (ECF No. 17), **GRANTS** Maxim's Motion to Dismiss (ECF No. 19), and **DISMISSES** this case pursuant to Rule 12(b)(6). Final judgment will be entered by separate order.

### BACKGROUND

Castaneda, who appears *pro se*, brings this action against Maxim Healthcare Services, Inc., a healthcare staffing provider with offices across the country. Castaneda alleges that he was contacted by Defendant between 2018 and 2019 because Castaneda is bilingual and holds a master's degree in counseling. Castaneda alleges he applied for a number of positions with Maxim, was never hired, and was a victim of discrimination on the basis of age and race.

Castaneda further claims he attempted to inform Maxim of the discrimination, and Maxim did nothing in response. Castaneda also argues that following his report of the discrimination, he was not called back for an interview or hired for any other positions, suggesting this constitutes unlawful retaliation.

In his Motion for Default Judgment, Castaneda seeks the Court's entry of default judgment because Maxim failed to timely appear in the case. Maxim avers, and the Court agrees, Maxim is not subject to default judgment because it was not properly served. Furthermore, Maxim has now appeared in the case and is not in default. In its Motion to Dismiss, Maxim argues the complaint should be dismissed under Rule 12(b)(6) because Castaneda's claims are time-barred, Castaneda failed to exhaust administrative remedies, *res judicata* applies, and Castaneda failed to state a claim upon which relief can be granted. For the reasons discussed below, the Court agrees. The Court will first address Castaneda's Motion for Default Judgment and will then turn its attention to Maxim's Motion to Dismiss.

**I.      Castaneda's Motion for Default Judgment**

Castaneda requests the Court enter default judgment pursuant to Rule 55(b)(2) based on his belief that Maxim failed to respond to the complaint in a timely manner. In federal court, a three-step process applies for a plaintiff to obtain a default judgment. Fed. R. Civ. P. 55; *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). As an initial matter, there must be an actual default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d at 141. In general, a defendant must serve an answer or otherwise respond "within 21 days after being served with the summons or complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). However, courts may, with good cause, extend the time to respond. Fed. R. Civ.

P. 6(b). Next, if the defendant is in default, the clerk must enter default under Rule 55(a), which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d at 141. And finally, once there is an entry of default, a "plaintiff may apply for a judgment based on such default." *Id*.

Parties are "not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (citation omitted). Whether a court enters default judgment is committed to its sound discretion. *Id.* Entry of a default judgment is "a drastic remedy, not favored by the Federal Rules and resorted to by the courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). A defendant does not become "susceptible to default" until the plaintiff effects service upon that defendant. *Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999); *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam). Therefore, the first showing a plaintiff must make is he properly served the defendant with a summons and the complaint prior to moving for entry of default. *See Williams v. Waste Mgmt., Inc.*, No. 3:16-CV-2943-L-BN, 2017 WL 4570717, at *2 (N.D. Tex. Sept. 7, 2017) (recommendation of Mag. J.) *accepted by* 2017 WL 4548474 (N.D. Tex. Oct. 12, 2017).

In this case, default judgment is not appropriate for two reasons. First, Maxim is not actually in default. Though Castaneda is correct that Maxim did not respond to the complaint within the 21-day timeframe set forth under Rule 12, United States Magistrate Judge Elizabeth S. Chestney, to whom this case was referred for pretrial matters, extended Maxim's deadline with her text order of December 28, 2023. Under Rule 6(b)(1)(B), courts may, with good cause, extend the time to respond "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, Maxim moved for an extension

3

of time to respond because it was not properly served (ECF No. 13) and Judge Chestney granted the motion. Maxim's Motion to Dismiss was therefore timely filed on the new deadline established by Judge Chestney's order, January 22, 2024. *See* ECF No. 19. Furthermore, even if Judge Chestney had not extended the deadline, Castaneda would not be entitled to default judgment because he failed to properly serve Maxim. Maxim is not susceptible to default absent a showing from Castaneda that he effected service on Maxim. *See Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d at 937; *Thompson v. Johnson*, 348 F. App'x at 923. For these reasons, the Court denies Castaneda's Motion for Default Judgment.

## II.     Maxim's Motion to Dismiss

Maxim offers four reasons why Castaneda's complaint should be dismissed under Rule 12(b)(6): (1) Castaneda's retaliation claim is time-barred because he failed to timely file suit following the receipt of the EEOC's Notice of Right to Sue; (2) Castaneda failed to exhaust his administrative remedies because he did not allege age and race discrimination in his Charge of Discrimination; (3) Castaneda's discrimination claims are precluded by the doctrine of *res judicata* because those claims were previously dismissed by this Court in a prior lawsuit; and (4) Castaneda failed to meet the pleading standard for his age discrimination, race discrimination, and retaliation claims. A finding that one of these reasons applies would be sufficient to dismiss Castaneda's complaint. The Court finds all of them apply.

## LEGAL STANDARD

To provide opposing parties fair notice of the asserted cause of action and the grounds upon which it rests, every pleading must contain a short and plain statement of the cause of action which shows the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To satisfy this requirement, the complaint must plead

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Federal Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In assessing a motion to dismiss under Federal Rule 12(b)(6), the court's review is limited to the live Complaint and any documents attached to it. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id*. When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d at 324).

A Complaint should only be dismissed under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hitt v. City of Pasadena*, 561 F.2d 606, 608–09 (5th Cir. 1977); *DeLoach v. Woodley*, 405 F.2d 496, 496–97 (5th Cir. 1968). Consequently, when it appears a more careful or detailed drafting might overcome the deficiencies on which dismissal is sought, a Court must allow a plaintiff the opportunity to amend the Complaint. *Hitt*, 561 F.2d at 608–09. A court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds the plaintiff alleged his best case or if amendment would be futile. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## ANALYSIS

### I.   Time-barred Claims

Maxim argues Castaneda's claims are time-barred because he failed to timely file suit following the receipt of the EEOC Right to Sue letter. Under § 42 U.S.C. § 2002e-5(f)(1), Castaneda had 90 days from the date of receipt of the Notice of Right to Sue to file his lawsuit. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citing 42 U.S.C. § 2002e-5(f)(1) (1994)). The 90-day requirement "is not a jurisdictional prerequisite; rather, [it] is akin to a statute of limitations." *Espinoza v. Mo. Pac. R. Co.*, 754 F.2d 1247, 1249 n.1 (5th Cir. 1985) (citations omitted). The same limitations period applies to claims brought under Title VII of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act (ADEA). *Garcia v. Penske Logistics, L.L.C.*, 631 F. App'x 204, 208 (5th Cir. 2015); *St. Louis v. Tex. Worker's Comp. Com'n*, 65 F.3d 43, 47 (5th Cir. 1995). The "requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor*, 296 F.3d at 378–79.

In this case, Castaneda acknowledges he received the Determination and Notice of Rights issued by the EEOC on March 28, 2023. *See* ECF No. 4 at 16. The record establishes that 92 days later, on June 28, 2023, Castaneda filed a Form 4 Affidavit Accompanying Motion for Permission to Appeal in Forma Pauperis, to which he attached a Complaint. *See* ECF No. 1. Castaneda, therefore, missed the deadline to file his lawsuit by two days. The 90-day deadline is strictly construed and Castaneda's *pro se* status does not exempt him from the responsibility to meet the deadline. *See Taylor*, 296 F.3d at 378–79; *Lawson v. Jason Pharm., Inc.*, No. 3:17-CV-2648-L, 2019 WL 2448849, at *6 (N.D. Tex. June 12, 2019). The Court, therefore, finds this case is subject to dismissal because Castaneda failed to timely file his lawsuit within 90 days of receiving the Notice of Rights.

## II.     Failure to Exhaust

Maxim further argues the Court should dismiss Castaneda's age and race discrimination claims because he failed to exhaust administrative remedies by not including them in the Charge of Discrimination. Exhaustion of administrative remedies is a prerequisite to filing suit in any employment discrimination suit. *Taylor*, 296 F.3d at 378–79; *see also* 29 C.F.R. § 1614.407. In assessing a Motion to Dismiss under Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d at 635. The district court "may also consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). Moreover, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *see also Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). If, based on the facts pleaded and judicially noticed, a successful

7

affirmative defense appears, then dismissal under Rule 12(b)(6) is proper. *Hall v. Hodgkins*, 305 Fed. App'x. 224, 227–28 (5th Cir. 2008).

In this case, the Court considers Castaneda's Charge of Discrimination without converting the Motion to Dismiss to a Motion for Summary Judgment because: (1) the Court may take judicial notice of the administrative records as public reports: (2) these records are attached to the Motion to Dismiss, referred to in the Complaint, and central to the Castaneda's claims. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d at 635; *Norris v. Hearst Trust*, 500 F.3d at 461 n.9; *Cinel v. Connick*, 15 F.3d at 1343 n.6. Castaneda submitted his Charge of Discrimination on March 23, 2023, alleging Maxim did not select Castaneda for an interview in retaliation for him submitting a prior Charge of Discrimination, in violation of Title VII. *See* ECF No. 6, Exh. A. Nowhere in the Charge of Discrimination does Castaneda assert discrimination based on race or age. *Id*. The Court, therefore, finds Castaneda's race and age discrimination claims under Title VII and the ADEA are subject to dismissal because they have not been administratively exhausted. *See Bowers v. Nicholson*, 271 F. App'x. 446, 449 (5th Cir. 2008).

### III.   *Res Judicata*

In addition, Maxim argues Castaneda's discrimination claims are precluded by the doctrine of *res judicata* because those claims were previously dismissed by this Court in a prior lawsuit. *Res judicata*, or claim preclusion, has four requirements: (1) that the parties be identical or in privity; (2) that the prior judgment be rendered by a court of competent jurisdiction; (3) that the prior action be concluded by a final judgment on the merits; and (4) that the same claim be involved in both actions. *Hall v. Hodgkins*, 305 Fed. Appx. 224, 228–29 (5th Cir. 2008). In this action, Castaneda alleges nearly identical facts to those of a lawsuit previously dismissed by the

undersigned pursuant to Rule 12(b)(6). *See Rudy Castaneda v. Maxim Healthcare Services, Inc., et al.*; Cause No. SA-21-CV-0632-JKP.

A comparison between the 2021 case and the case at bar shows (1) the parties are the same; (2) prior judgment was rendered by this Court; (3) the prior action concluded by a *sua sponte* Rule 12(b)(6) motion, which is a final judgment on the merits; and (4) the same race and age discrimination claims were involved in both actions. *Hall v. Hodgkins*, 305 Fed. App'x. at 228–29. In both cases, Castaneda alleged discrimination on the basis of his age and race after he unsuccessfully applied for over two dozen positions dating as far back as 2019. *See Castaneda v. Maxim Healthcare Services, Inc.*, No. SA-21-CV-0632-JKP; *see also* ECF Nos. 4, 6. Castaneda references the same positions and decision-makers in each complaint. The only difference between the actions is the addition in this action of a retaliation claim following his failure to be interviewed for a few additional positions. *See* ECF No. 4 at 11. Because Castaneda attempts to bring the same age and race discrimination claims against the same Defendant, when the Court already considered and dismissed those exact claims previously, Castaneda's claims for race and age discrimination are subject to dismissal on *res judicata* grounds.

## IV.     Failure to State a Claim

Finally, Maxim argues Castaneda failed to meet the pleading standard for his age discrimination, race discrimination, and retaliation claims. Under the Federal Rules, Castaneda is required plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555–558, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. The Court refers to its prior ruling for

reasons why Castaneda's race and age discrimination claims fail to meet the pleading standard. *See Castaneda v. Maxim Healthcare Services, Inc.*, No. SA-21-CV-0632-JKP.

Regarding his claim for retaliation under Title VII, Castaneda alleges he was not selected for any Maxim positions because of his previous engagement in protected activities, namely, filing a Charge of Discrimination. *See* ECF No. 4. In order to establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in an activity protected by Title VII; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action. *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007). A causal link exists when the employer's action was based in part on knowledge of the employee's protected activity. *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001). A plaintiff need not prove that his protected activity was the sole factor motivating the adverse employment decision. *See Long v. Eastfield Coll.*, 88 F.3d 300, 305 n.4 (5th Cir. 1996).

Here, Castaneda has not pled any facts to show a causal connection between his filing of administrative charges and Maxim's failure to hire Castaneda for any of the alleged open positions. In fact, Castaneda does not even allege that any of the decision-makers were even aware of the dismissed Charge. See ECF Nos. 4, 6. Again, Castaneda relies on speculation to conclude retaliatory behavior. This is not enough to maintain a claim. Castaneda, therefore, has failed to state a plausible claim for retaliation under Title VII, and the claim is subject to dismissal for failure to state a claim under Rule 12(b)(6).

## V.     Leave to Amend

Courts only dismiss a case under Rule 12(b)(6) after affording ample opportunity for the plaintiff to state a claim upon which relief can be granted, unless it is clear amendment would be futile. *Foman v. Davis*, 371 U.S. at 182; *Hitt v. City of Pasadena*, 561 F.2d at 608–09; *DeLoach*

*v. Woodley*, 405 F.2d at 496–97. Here, Judge Chestney gave Castaneda an opportunity to amend his complaint, which he did. *See* ECF Nos. 3, 4. Maxim then, pursuant to the Court's standing order, gave Castaneda another opportunity to amend, which he declined to do. *See* ECF No. 19 at 16. The Court, therefore, finds Castaneda has had ample opportunity to amend his complaint and declines to grant Castaneda leave to further amend because he has alleged his best case. *Foman*, 371 U.S. at 182; *DeLoach*, 405 F.2d at 496–97.

## VI.  Sanctions

The Court notes Castaneda has filed numerous similar lawsuits against employers in the Western District of Texas and elsewhere. As Maxim points out, U.S. District Judge Fred Biery previously warned Castaneda that continuing to file these actions could result in sanctions, including his designation as a vexatious litigant. *See Rudy Castaneda v. State of Nevada, et al.*, Cause No. SA-22-CV-1353-FB (W.D. Tex. April 28, 2023). The Court repeats that admonishment here. If Castaneda continues to file duplicative, non-meritorious lawsuits, the Court may impose sanctions, including designation as a vexatious litigant.

## CONCLUSION

For the reasons discussed, the Court **DENIES** Castaneda's Motion for Default Judgment (ECF No. 17), **GRANTS** Maxim's Motion to Dismiss (ECF No. 19), and **DISMISSES** this case pursuant to Rule 12(b)(6). Final judgment will be entered by separate order.

It is so ORDERED.
SIGNED this 23rd day of April, 2024.

JASON PULLIAM
UNITED STATES DISTRICT JUDGE